UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**OLIVIA VEGA**                                       **CIVIL ACTION**

**VERSUS**                                            **NO. 20-1931**

**MARLIN GUSMAN, ET AL.**                             **SECTION D (2)**

### ORDER AND REASONS

Before the Court is Plaintiff Olivia Vega's Motion to Strike Affidavits Presented in Support of Motion for Summary Judgment for Qualified Immunity filed by Orleans Parish Sheriff's Office Deputies.[1] Defendants Sheriff Gusman, Deputy Michelle Johnson, Deputy Floyd Stevenson, and Deputy Bryan Favorite[2] (collectively, the "Deputy Defendants") have filed an Opposition.[3] Plaintiff has also filed a Motion to Strike Defendants' Opposition Motion to Plaintiff's Motion to Strike Summary Judgment Affidavits.[4]

The Court **DENIES** Plaintiff's Motion to Strike Defendants' Opposition to Plaintiff's Motion to Strike Summary Judgment Affidavits. Further, after careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion to Strike Affidavits Presented in Support of Motion for Summary Judgment for Qualified Immunity.

---

[1] R. Doc. 69.
[2] Deputy Bryan Favorite was improperly named "Deputy Alvis Favorite" in Plaintiff's Complaint.
[3] R. Doc. 84.
[4] R. Doc. 88.

## I.   FACTUAL BACKGROUND

This case arises from an altercation and subsequent arrest of Plaintiff Olivia Vega at Harrah's Casino ("Harrah's"). On the early morning of July 8, 2019, Plaintiff was attending an event sponsored by Larry Morrow Events at the Masquerade night club at Harrah's when a fight broke out.[5] At one point, deputies approached Plaintiff and requested her identification card.[6] Plaintiff handed her license to a friend who provided the license to a deputy.[7] Plaintiff and three friends who attended the event with her followed the deputies out of the club and into Harrah's lobby to gain information about the deputy's inquiry.[8] Plaintiff alleges that when she entered the lobby of Harrah's, she was forcefully knocked to the ground without any justification, provocation, or prior warning by three to four deputies, including Orleans Parish Sheriff Office ("OPSO") Deputy Michelle Johnson and Deputy Floyd Stevenson.[9] Plaintiff contends that the deputies pulled her hair and knocked her to the ground using so much force that her clothes were removed, leaving her breasts exposed in public.[10] She claims that she was then handcuffed and wrongfully detained in a holding room in the casino where at least two of the deputies directed verbal attacks as well as physical abuse.[11]

---

[5] R. Doc. 49 at ¶ 34.
[6] *Id.* at ¶ 16.
[7] *Id.* at ¶ 17.
[8] *Id.* at ¶ 18.
[9] *Id.* at ¶ 19.
[10] *Id.*
[11] *Id.* at ¶ 21.

Plaintiff was arrested on three charges: Battery of a Police Officer, Resisting by Force, and Disturbing the Peace.[12] She was then transported to the Orleans Parish Justice Complex.[13] Plaintiff alleges that at the jail, staff took various items from her which were never returned, that she was forced to strip and wear a jumpsuit and underwear so tight that the clothing bruised her, that she was treated with excessive force, and that a medical unit employee used a hypodermic needle to inject her with an unknown substance that caused her to lose consciousness.[14]

Plaintiff was released during the afternoon on July 8 after posting bail.[15] She then attended a court appearance.[16] She alleges that the Orleans Parish District Attorney's Office ("OPDA") pursued charges against her based on false reports written by Deputy Floyd Stevenson, without properly screening the case.[17] The case was ultimately dismissed on March 3, 2020.[18]

Plaintiff then filed suit against Defendant Marlin Gusman as Sheriff of Orleans Parish in his official capacity, Defendant Leon Cannizzaro as District Attorney for Orleans Parish in his official capacity,[19] Deputies Michelle Johnson, Floyd Stevenson, and Bryan Favorite in their official and individual capacities, various John and Jane Doe Deputies, Harrah's Casino, and Larry Morrow Events,

---

[12] *Id.* at ¶ 23.
[13] *Id.* at ¶ 24.
[14] *Id.* at ¶¶ 25-28.
[15] *Id.* at ¶ 29.
[16] *Id.* at ¶ 31.
[17] *Id.*
[18] *Id.* at ¶ 32.
[19] The Court notes that Jason Williams has been sworn in to succeed Mr. Cannizzaro as Orleans Parish District Attorney and therefore Mr. Williams, in his official capacity, would be the proper party. On May 17, 2021, the Court granted Defendant Jason Williams' Motion to Dismiss, dismissing him from the case. R. Doc. 45.

LLC.[20] Plaintiff alleged a 42 U.S.C. § 1983 claim against Defendants Gusman, and Deputies Stevenson, Johnson, Favorite, and Does arising out of her arrest and detention at Orleans Jail Center, as well as against Defendant Cannizzaro for her prosecution.[21] Plaintiff also brings a claim for negligent supervision against Defendants Harrah's Casino and Larry Morrow Events,[22] and a claim for negligence under Louisiana Civil Code article 2315 against Defendants Johnson, Stevenson, Favorite and Does.[23]

On May 17, 2021, the Court stayed discovery as to the Deputy Defendants other than that discovery needed to determine the facts necessary to rule on the Deputy Defendants' claim of qualified immunity.[24] Specifically, the Court limited discovery to the actions of Deputies Floyd Stevenson, Michelle Johnson, and Bryan Favorite on the night of July 8-9, 2019 that Plaintiff asserted in her Complaint, and the objective reasonableness thereof.[25]

The Deputy Defendants filed a Motion for Summary Judgment on the Issue of Qualified Immunity.[26] Among the evidence cited by the Deputy Defendants in support of its motion were affidavits from Deputy Johnson, Deputy Favorite, and

---

[20] *See generally* R. Doc. 1.
[21] R. Doc. 1 at ¶¶ 48-55. By Court Order dated May 17, 2021, Plaintiff's claims against the District Attorney (formerly Cannizzaro and currently Williams), were dismissed. Plaintiff's § 1983 claim alleging a violation based on a false police report against Deputy Floyd Stevenson, in his individual and official capacity, was dismissed (leaving only a § 1983 claim against Deputy Stevenson for any other violation). Finally, all official capacity claims against Deputies Floyd Stevenson, Michelle Johnson and Bryan Favorite were dismissed with prejudice. R. Doc. 45.
[22] *Id.* at ¶¶ 56-61.
[23] *Id.* at ¶¶ 62-65.
[24] R. Doc. 46.
[25] *Id.*
[26] *See* R. Doc. 65.

Deputy Stevenson.[27] Plaintiff filed a Motion to Strike the Affidavits Presented in Support of the Deputy Defendants' Motion for Summary Judgment for Qualified Immunity filed by the deputies.[28] Plaintiff seeks to exclude portions of the affidavits of Deputy Johnson, Deputy Favorite, and Deputy Stevenson because they fail to comply with Federal Rule of Civil Procedure 56 as they include inadmissible hearsay statements as well as legal conclusions.[29]

The Deputy Defendants filed an Opposition, arguing that the affidavits of Deputy Johnson, Deputy Favorite, and Deputy Stevenson have a "high degree of relevance" and that their statements regarding the "reasonableness" of their actions are critical pieces of evidence.[30] The Deputy Defendants further argue that any statements made in their affidavits regarding information provided to them by a separate deputy is not inadmissible hearsay because such statements are not being offered to prove the truth of the matter asserted.[31]

Plaintiff also filed a Motion to Strike Defendants' Opposition, arguing that Defendants' Opposition was filed four days late and thus should be stricken by the Court.[32]

---

[27] R. Doc. 65; R. Doc. 65-8; R. Doc. 65-9.
[28] R. Doc. 69.
[29] *Id.*
[30] R. Doc. 84.
[31] *Id.*
[32] R. Doc. 88. The Court notes that Defendants were required to file their Opposition to Plaintiff's Motion to Strike (R. Doc. 69) no later than October 11, 2021. Defendants filed their Opposition to Plaintiff's Motion to Strike on October 15, 2021, four days after the deadline to file. Plaintiff advises that she "filed a Notice of Submission along with their [sic] Motion to Strike which indicated that the submission date was October 29, 2021. However, the submission date in the official court record as shown on the docket entry was October 19, 2021." *See* R. Doc. 88-1. A review of the record confirms that Plaintiff's Notice of Submission filed with her Motion reflects a submission date of October 29, 2021. As appropriate, Plaintiff included a certificate of service reflecting that she forwarded a copy of the Notice of Submission with the October 29, 2021 submission date to all counsel. Plaintiff is also

## II.   LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that a party may support a motion for summary judgment with, among other evidence, affidavits.[33] Federal Rule of Civil Procedure 56(e)(1) provides, in relevant part, that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."[34]

An opposing party may move to strike a sworn statement that fails to comply with Rule 56(e).[35] More particularly, the motion to strike "should state specifically the portions of the affidavit to which objection is being made, and the grounds therefor."[36] Affidavits, or portions thereof, may be stricken from the record if they fail to comport with the requirements of this rule, and more specifically, if they contain inadmissible hearsay, information not based on the personal knowledge of the affiant, or legal conclusions.[37] Further, "[m]ere conclusory allegations are not competent

---

correct that the record reflects that a submission date of October 21, 2021 was assigned to the motion. Defendant's opposition would have been timely filed using the October 29, 2021 submission date. Defendants did not respond to Plaintiff's Motion to Strike, nor have they provided any explanation for the late filing. The Court has the discretion to accept or reject late filings as well as an obligation to consider the merits of Defendants' argument. Accordingly, Plaintiff's Motion to Strike (R. Doc. 88) is **DENIED** and the Court will consider Defendants' late filed Response (R. Doc. 84). However, Defendants are cautioned that it is their obligation to comply with court-ordered dates.

[33] Fed. R. Evid. 56.
[34] Fed. R. Evid. 56(e)(1).
[35] *See Auto Drive–Away Co. of Hialeah, Inc. v. Interstate Commerce Comm'n*, 360 F.2d 446, 448–49 (5th Cir. 1966).
[36] *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 579 (2d Cir. 1969) (quoting 6 Moore, Federal Practice ¶ 56.22[1] (2d ed. 1965)).
[37] *See, e.g., In re Favre*, 342 F. App'x 5, 8 (5th Cir. 2009) (affirming a district court's decision to strike an affidavit which was "comprised of nothing more than conclusional allegations and legal arguments"); *Gibson v. Liberty Mut. Group*, 129 F. App'x 94, 95 (5th Cir. 2005) (holding that a district court properly struck portions of an affidavit submitted to oppose a motion for summary judgment which contained "legal conclusions and hearsay and was not based upon [the affiant's] personal knowledge").

summary judgment evidence," and may be stricken from the record when submitted in an affidavit.[38]

To the extent an affidavit contains both admissible and inadmissible portions, a court may consider the admissible portions of the affidavit in determining whether to grant or deny a motion for summary judgment.[39]

### III.  ANALYSIS

#### A. Legal Conclusions in Deputy Johnson, Deputy Favorite, and Deputy Stevenson's Affidavits

Affidavits, or portions thereof, may be stricken from the record if they fail to comport with the requirements of Rule 56, and more specifically, if they contain inadmissible hearsay, information not based on the personal knowledge of the affiant, or legal conclusions.[40]

Plaintiff contends that the affidavits of the Deputy Defendants contain legal conclusions.[41] Specifically, Plaintiff argues that the statements in paragraphs 13, 14, and 15 of the affidavit of Deputy Johnson, wherein the deputy includes statements that she and the fellow deputies had a "reasonable basis" to arrest Plaintiff, that all of her actions that evening were "reasonable," and that Plaintiff's actions "wherein she resisted and swung at me also violated the law and warranted arrest."[42] Plaintiff

---

[38] *Richardson v. Oldham*, 12 F.3d 1373, 1378 (5th Cir.1994) (quoting *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992)).
[39] *See Lee v. National Life Assurance Co.*, 632 F.2d 524 (5th Cir. 1980).
[40] *See In re Favre*, 342 F. App'x at 8 (affirming a district court's decision to strike an affidavit which was "comprised of nothing more than conclusional allegations and legal arguments"); *see Gibson*, 129 F. App'x at 95 (holding that a district court properly struck portions of an affidavit submitted to oppose a motion for summary judgment which contained "legal conclusions and hearsay and was not based upon [the affiant's] personal knowledge").
[41] R. Doc. 69.
[42] *Id.*

also argues that paragraphs 11 and 12 of Deputy Favorite's affidavit contain statements that he and his fellow deputies had a "reasonable basis" to arrest Plaintiff and that all of his actions "were reasonable under the circumstances in light of clearly established law."[43] Additionally, Plaintiff claims that paragraphs 8 and 9 of Deputy Stevenson's affidavit should be struck as he also states that he and his fellow deputies had a "reasonable basis" to arrest Plaintiff and that his actions that evening were "reasonable" under the circumstances in light of clearly established law.[44]

The Fifth Circuit has determined that reasonableness of an officer's use of force is a legal conclusion.[45] Affidavits may be stricken from the record if they contain legal conclusions.[46] However, courts are only required to strike the portions of an affidavit that contain legal conclusions and not the entire affidavit.[47] In addition, courts may still consider other relevant portions of an affidavit when determining summary judgment.[48] The statements made by the deputies opining as to the reasonableness of their actions are legal conclusions. Accordingly, the Court finds it must strike legal conclusions made by Deputy Johnson, Deputy Favorite, and Deputy Stevenson in their affidavits. The Court notes that the affidavits of Deputy Johnson, Deputy Favorite, and Deputy Stevenson all contain the same two statements:

> (1) At all times wherein Ms. Vega was in the interview room at the Harrah's Casino New Orleans, and her subsequent arrest, I, along with my fellow deputies, had a reasonable basis to believe that Ms.

---

[43] *Id.*
[44] *Id.*
[45] *See Pratt*, 822 F.3d at 181; *Williams*, 343 F.3d at 435; *McBroom*, 478 F. App'x at 200.
[46] *See Auto Drive–Away Co. of Hialeah, Inc. v. Interstate Commerce Comm'n*, 360 F.2d 446, 448–49 (5th Cir. 1966).
[47] *See Lee v. National Life Assurance Co.*, 632 F.2d 524 (5th Cir.1980).
[48] *Id.*

> Vega had been involved with the fight wherein Deputy Keppard was struck. Such actions are against the law and warranted arrest.[49]
>
> (2) All of my actions and/or inactions conducted on the night in question were reasonable under the circumstances in light of the clearly established law.[50]

As these statements contain legal conclusions, the Court strikes these statements from the affidavits of Deputy Johnson, Deputy Favorite, and Deputy Stevenson.

In addition, paragraph 14 of the affidavit of Deputy Johnson contains a legal conclusion, specifically finding that Plaintiff "resisted" Deputy Johnson and thus violated the law and warranted arrest.[51] Paragraph 14 of Deputy Johnson's affidavit states in full: "Ms. Vega's actions wherein she resisted and swung at me also violated the law and warranted arrest."[52] Accordingly, the Court strikes the portion of the statement that references "she resisted" and "violated the law" as well those similar portions from the affidavit of Deputy Johnson. The Court notes it will only consider all relevant, compliant sections of the Deputies' affidavits when considering the motion for summary judgment.

### B. Hearsay in Deputy Johnson's Affidavit

Affidavits, or portions thereof, may also be stricken from the record if they contain inadmissible hearsay or information not based on the personal knowledge of

---

[49] *See* R. Doc. 65-5 at ¶ 13; R. Doc. 65-8 at ¶ 11; R. Doc. 65-9 at ¶ 8.
[50] *See* R. Doc. 65-5 at ¶ 15; R. Doc. 65-8 at ¶ 12; R. Doc. 65-9 at ¶ 9.
[51] R. Doc. 65-5 at ¶ 14. Plaintiff was arrested in part for violating La. R.S. 14:108.2 – Resisting a Police Officer with Force. This statement by Deputy Johnson presupposes Plaintiff's guilt regarding this statute.
[52] *Id.*

the affiant.[53] Plaintiff contends that Deputy Johnson's affidavit contains hearsay, specifically Deputy Johnson's statement in paragraph 8 that Deputy Deleesa Keppard told her that Plaintiff was involved in the altercation at issue in the present dispute.[54] In response, the Deputy Defendants argue that this statement is not hearsay because it is not being offered in evidence to prove the truth of the matter asserted, instead, it is being offered to "establish Deputy Johnson's state of mind and the reasonableness of her actions at the time of the incident," and, as such, is an exception to hearsay.[55]

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted.[56] A party may offer out-of-court statements at trial for reasons other than to prove the truth of the matter asserted—e.g., "to show the effect on the listener."[57] Such statements are not hearsay at all.[58]

Here, the Court finds that Deputy Johnson's statement that Deputy Keppard told her that Plaintiff was involved in the fight at Harrah's night club is not hearsay, specifically because it is not being offered to prove the truth of the matter asserted. The Court finds that Deputy Johnson's statement simply explains her state of mind and reasoning for why she asked Plaintiff to walk with her to the interview room for further questioning.[59] The statement is not being made by Deputy Johnson or used

---

[53] *See In re Favre*, 342 F. App'x at 8; *see Gibson*, 129 F. App'x at 95.
[54] R. Doc. 69.
[55] R. Doc. 84.
[56] *See United States v. Reed*, 908 F.3d 102, 119 (5th Cir. 2018) (citing Fed. R. Evid. 801(c)).
[57] *White v. Fox*, 470 Fed.Appx. 214, 222 (5th Cir. 2012).
[58] *Assoc. Terminals of St. Bernard, LLC v. Potential Shipping HK Co.*, No. 17-5109, 2018 WL 947660, at *4 (E.D. La. Feb. 16, 2018); *see* Fed. R. Evid. 801(c) (defining "hearsay" in part based on the purpose for which a party offers an out-of-court statement).
[59] *See* R. Doc. 65-5.

by the Deputy Defendants to prove that Plaintiff was involved in the fight at Harrah's. Accordingly, Deputy Johnson's statement that Deputy Keppard told her that Plaintiff was involved in the fight at Harrah's night club is not stricken from Deputy Johnson's affidavit and will be considered by the Court in accordance with this order.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Affidavits Presented in Support of Motion for Summary Judgment for Qualified Immunity[60] is **GRANTED IN PART AND DENIED IN PART**. Accordingly, portions of paragraphs 13, 14, and 15 as indicated above of Defendant Deputy Michelle Johnson's affidavit are **STRICKEN** from the record. Paragraphs 11 and 12 of Defendant Deputy Bryan Favorite's affidavit are **STRICKEN** from the record. Paragraphs 8 and 9 of Defendant Deputy Floyd Stevenson's affidavit are **STRICKEN** from the record. All other statements made in each affidavit remain in the record.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Opposition to Plaintiff's Motion to Strike Summary Judgment Affidavits[61] is **DENIED**.

New Orleans, Louisiana, March 29, 2022.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[60] R. Doc. 69.
[61] R. Doc. 88.