UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OLIVIA VEGA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1931** |
| **MARLIN GUSMAN, ET AL.** | **SECTION D (2)** |

### ORDER AND REASONS

Before the Court is Defendant Caesar's Entertainment, Inc. ("Caesar's") Motion for Summary Judgment.[1] Plaintiff Olivia Vega has filed an Opposition.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** Caesar's Motion for Summary Judgment, R. Doc. 91.

### I. FACTUAL BACKGROUND

In the interest of judicial economy, and because the factual background of this case has been extensively detailed in recent Orders (R. Docs. 110 and 111), the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion. Plaintiff filed suit against Defendant Marlin Gusman as Sheriff of Orleans Parish in his official capacity, Defendant Leon Cannizzaro as District Attorney for Orleans Parish in his official capacity,[3] Deputies Michelle Johnson, Floyd Stevenson, and Bryan Favorite[4] in their official and individual capacities,

---

[1] R. Doc. 91.
[2] R. Doc. 94.
[3] The Court notes that Jason Williams has been sworn in to succeed Mr. Cannizzaro as Orleans Parish District Attorney and therefore Mr. Williams, in his official capacity, would be the proper party. On May 17, 2021, the Court granted Defendant Jason Williams' Motion to Dismiss, dismissing him from the case. R. Doc. 45.
[4] Incorrectly named as Alvis Favorite in the Complaint. *See* R. Doc. 65.

various John and Jane Doe Deputies, Harrah's Casino, and Larry Morrow Events, LLC.[5] Plaintiff alleged a 42 U.S.C. § 1983 claim against Defendants Gusman, and Deputies Stevenson, Johnson, Favorite, and Does arising out of her arrest and detention at Orleans Jail Center, as well as against Defendant Cannizzaro for her prosecution.[6] Plaintiff also brings a claim for negligent supervision against Defendants Harrah's Casino and Larry Morrow Events,[7] and a claim for negligence under Louisiana Civil Code article 2315 against Defendants Johnson, Stevenson, Favorite and Does.[8] Plaintiff's claim for negligent supervision against Defendant Caesar's Entertainment, Inc. forms the basis for Defendant's Motion for Summary Judgment.

In its Motion for Summary Judgment, Caesar's argues that it cannot be liable for Plaintiff's negligent supervision claim because Caesar's does not operate Harrah's Casino and thus did not owe a duty to supervise the Orleans Parish Sheriff Office ("OPSO") Deputies on the date of the incident.[9] Caesar's contends that Jazz Casino Company ("Jazz Casino") is the entity that operates Harrah's Casino and thus employed the persons, not including contractors or lessees, that worked at Harrah's Casino on the date of the incident.[10] Caesar's further contends that this information

---

[5] *See generally* R. Doc. 1.
[6] R. Doc. 1 at ¶¶ 48-55. By Court Order dated May 17, 2021, Plaintiff's claims against the District Attorney (formerly Cannizzaro and currently Williams), were dismissed. Plaintiff's § 1983 claim alleging a violation based on a false police report against Deputy Floyd Stevenson, in his individual and official capacity, was dismissed (leaving only a § 1983 claim against Deputy Stevenson for any other violation). Finally, all official capacity claims against Deputies Floyd Stevenson, Michelle Johnson and Alvis Favorite were dismissed with prejudice. R. Doc. 45.
[7] *Id.* at ¶¶ 56-61.
[8] *Id.* at ¶¶ 62-65.
[9] R. Doc. 91.
[10] *Id.*

has been provided to Plaintiff on several occasions, by email and in discovery responses, and that Plaintiff has failed to amend her Complaint.[11]

In response, Plaintiff argues that there is evidence that Caesar's manages Harrah's Casino and thus is liable for negligent supervision.[12] Plaintiff points to the contract with Larry Morrow Events that is printed on Caesar's letterhead and which Plaintiff contends contains an indemnification clause regarding Caesar's.[13] Although not entirely clear, Plaintiff appears to argue that Plaintiff's interrogatory No. 3 sought information regarding "the person(s) responsible for security at Harrah's New Orleans Casino" and Defendant's discovery responses simply stated that "Jazz Casino Company, LLC employed persons who provided security functions at Harrah's New Orleans Casino."[14] Plaintiff does not dispute that it was aware that Jazz Casino Company, LLC was the operator of the casino and indicates that "Plaintiff will file a motion to amend its Complaint to add Jazz Casino Co., LLC as a defendant."[15] To date Plaintiff has not done so, despite asserting its intent to do so in Plaintiff's opposition brief of November 22, 2021. Finally, Plaintiff contends that Caesar's Motion for Summary Judgment is an untimely attempt to file a Rule 12(B)(7) Motion to Dismiss for failure to join a party under Rule 19.[16]

---

[11] *Id.*
[12] R. Doc. 94.
[13] *Id.,* referencing R. Doc. 70.
[14] R. Doc. 94.
[15] *Id.*
[16] *Id.*

## II. LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[18] While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[19] Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[20]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[21] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the

---

[17] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[18] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).
[19] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[20] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[21] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).

reasonable fact-finder to return a verdict in favor of the moving party."[22] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[23] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[24]

### III. LAW AND ANALYSIS

Plaintiff has sued Caesar's for negligent supervision.[25] In order to bring a claim for negligent supervision, a plaintiff must prove the following:

> (1) the defendant had a duty to conform its conduct to a specific standard;
> (2) the defendant failed to conform its conduct to that standard;
> (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries;
> (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the plaintiff and the plaintiff's injuries were within the scope of the defendant's duty); and
> (5) the plaintiff suffered damages.[26]

"Whether a legal duty exists is dependent upon the relationship between the parties."[27] "Questions of negligence are generally inappropriate for disposition by

---

[22] *Id.* at 1265.
[23] *See Celotex*, 477 U.S. at 322-23.
[24] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).
[25] R. Doc. 49.
[26] *Roberts v. Benoit*, 605 So.2d 1032, 1040–46 (La. 09/09/1991).
[27] *Lichti v. Schumpert Medical Center*, 32,620 (La. App. 2 Cir. 01/26/00), 750 So. 2d 419, 423, writ denied, 00-0623 (La. 04/20/00), 760 So. 2d 349).

summary judgment."[28] "However, a defendant is entitled to dismissal by means of [summary judgment], if, after the opposing party has had an adequate opportunity to develop evidence, the record is completely devoid of any suggested basis for the defendant's liability."[29] Courts have held that summary judgment is proper regarding whether a legal duty exists where no factual dispute exists and no credibility question is required.[30] The threshold issue the Court must determine is whether there is any disputed issue of material fact regarding whether Caesar's operated Harrah's Casino on the date of the incident and thus could potentially owe the Plaintiff a duty to supervise the OPSO Deputies.

Caesar's argues that it cannot be liable for negligent supervision because it does not operate Harrah's Casino.[31] Caesar's contends that Jazz Casino is the entity that operates Harrah's Casino and thus employs the persons, not including contractors or lessees, that were working at Harrah's Casino on the date of the incident.[32]

Caesar's argues that it informed Plaintiff on multiple occasions that it is not the correct entity to be sued.[33] First, prior to answering Plaintiff's Complaint, counsel for Caesar's emailed counsel for Plaintiff informing her "I understand that the proper party who operates the casino is Jazz Casino Company, LLC" and, further, "Please let me know if you would prefer to amend the Complaint to substitute Jazz Casino or

---

[28] *Mixon v. Davis*, 31,725 (La. App. 2 Cir. 03/31/99), 732 So. 2d 628, 631.
[29] *Id.*
[30] *Spurlock v. Schwegmann Bros. Giant Supermarket*, 475 So.2d 20 (La.App. 4th Cir.1985); *Hammer v. City of Lafayette*, 502 So.2d 301 (La.App. 3rd Cir.1987).
[31] R. Doc. 91.
[32] *Id.*
[33] R. Doc. 91.

if you prefer that I go ahead and Answer for Caesars and you amend later."[34] Next, Caesar's provided discovery responses to Plaintiff that indicated "Jazz Casino Company LLC operates and employs the persons, not including the contractors or lessees, at Harrah's New Orleans Casino" who were working on the night of the incident.[35] Finally, counsel for Caesar's emailed counsel for Plaintiff after answering the Complaint and again stated that Jazz Casino Company LLC was the proper party to this lawsuit.[36]

Plaintiff contends that there is evidence that Caesar's manages Harrah's Casino and thus can be held liable for negligent supervision.[37] Plaintiff points to the contract with Larry Morrow Events and alleges that it contains an indemnification clause regarding Caesar's and is printed on Caesar's letterhead.[38] Plaintiff also notes that Caesar's fails to state which entity was responsible for security on the date of the incident and that Caesar's Director of Security and Risk Management responded to the interrogatories on behalf of Caesar's.[39] Finally, Plaintiff argues that Caesar's Motion for Summary Judgment is an untimely attempt to file a Rule 12(B)(7) Motion to Dismiss for failure to join a party under Rule 19.[40]

Here, there is insufficient evidence to find that Caesar's operated Harrah's Casino on the date of the incident. Caesar's has consistently asserted that Jazz Casino Company LLC is the proper party to this lawsuit. Counsel for Caesar's

---

[34] R. Doc. 91-4.
[35] R. Doc. 91-3.
[36] R. Doc. 91-4.
[37] R. Doc. 94.
[38] *Id.*
[39] *Id.*
[40] *Id.*

emailed counsel for Plaintiff in August 2020 informing her that Jazz Casino operated Harrah's Casino and that it signed the contract with Larry Morrow Events for the event that occurred on the date of the incident.[41] Caesar's then answered Plaintiff's First Set of Interrogatories and informed Plaintiff that Jazz Casino operates Harrah's Casino, employs the persons at Harrah's Casino, and employed persons who provided security functions at Harrah's Casino on the date of the incident.[42] After answering Plaintiff's Complaint, counsel for Caesar's again emailed counsel for Plaintiff in October 2020 and informed her that Jazz Casino is the proper entity to be sued.[43]

While Plaintiff points to the fact that the contract with Larry Morrow Events is on Caesar's letterhead and that it contains an indemnity clause regarding Caesar's, the Court notes that this contract is between Larry Morrow Events and "Jazz Casino Company, LLC d/b/a Harrah's New Orleans."[44] Further, the indemnification clause that Plaintiff contends indicates Caesar's operation of Harrah's Casino merely states that Larry Morrow Events will "indemnify, defend and hold harmless…its [Jazz Casino's] parent, subsidiaries, and affiliates…from any and all claims arising out of…negligence and misconduct."[45] The contract contains no reference to Caesar's beyond the letterhead and provides no evidence that Caesar's operated Harrah's Casino.

---

[41] R. Doc. 91-4.
[42] *See* R. Doc. 91-3.
[43] R. Doc. 91-4.
[44] R. Doc. 70-1 (filed under seal).
[45] *Id.*

Further, Plaintiff's argument that Caesar's failed to denote in its Response to Plaintiff's First Set of Interrogatories which entity was responsible for security on the date of the incident carries little weight. The question of who was responsible for security on the date of the incident at Harrah's Casino, and thus who owes a duty to Plaintiff, is a legal question determinable by the Court.[46] Caesar's answered that Jazz Casino "operates and employs the persons, not including contractors or lessees, at Harrah's New Orleans Casino," providing Plaintiff further evidence that Jazz Casino operated Harrah's Casino and thus is the proper party in the present case.

The Fifth Circuit has stated that if the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[47] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[48]

Here, Plaintiff, as the nonmoving party, has failed to produce any evidence, including affidavits, deposition testimony, or admissions, beyond the fact that Caesar's name is on the letterhead of a contract between Larry Morrow Events and Jazz Casino Company, LLC d/b/a Harrah's New Orleans. While all reasonable inferences are drawn in favor of the Plaintiff, she cannot defeat summary judgment

---

[46] *See Bufkin v. Felipe's Louisiana, LLC*, 2014-0288 (La. 10/15/14), 171 So. 3d 851, 855 (finding that whether a duty is owed is a question of law).
[47] *See Celotex*, 477 U.S. at 322-23.
[48] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

with conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. Plaintiff's reliance on Caesar's name on the letterhead of a contract between two different entities is nothing more than "a scintilla of evidence." Accordingly, no issue of material fact exists regarding whether Caesar's operated Harrah's Casino on the date of the incident. Thus, the Court must grant summary judgment at this time.

IV.  **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant Caesars Entertainment, Inc. Motion for Summary Judgment[49] is **GRANTED**.

New Orleans, Louisiana, April 1, 2022.

_Wendy B Vitter_
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[49] R. Doc. 91.