UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OLIVIA VEGA | CIVIL ACTION |
| VERSUS | NO. 20-1931 |
| MARLIN GUSMAN, ET AL. | SECTION D (2) |

ORDER AND REASONS

Before the Court is Defendants', Marlin N. Gusman, Sheriff of the Parish of Orleans, in his official capacity ("Sheriff Gusman"), and Deputy Michelle Johnson, Deputy Floyd Stevenson, and Deputy Bryan Favorite (hereinafter collectively referred to as the "Deputy Defendants") Motion for Summary Judgment.[1] Plaintiff Olivia Vega has not filed an Opposition. After careful consideration of the party's memoranda, the record, and the applicable law, the Court **GRANTS** Defendants' Motion for Summary Judgment.

I.   FACTUAL BACKGROUND

In the interest of judicial economy, and because the factual background of this case has been extensively detailed in recent Orders (R. Docs. 110 and 111), the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion. Plaintiff filed suit against Defendant Marlin Gusman as Sheriff of Orleans Parish in his official capacity,[2] Defendant Leon Cannizzaro as District Attorney for Orleans Parish in his official capacity,[3] Deputies Michelle Johnson,

---

[1] R. Doc. 115.
[2] The Court recognizes that Susan Hutson has subsequently been elected and sworn in as Sheriff of Orleans Parish.
[3] The Court notes that Jason Williams has been sworn in to succeed Mr. Cannizzaro as Orleans Parish District Attorney and therefore Mr. Williams, in his official capacity, would be the proper party. On

Floyd Stevenson, and Bryan Favorite[4] in their official and individual capacities, various John and Jane Doe Deputies, Caesar's Entertainment, Inc. d/b/a as Harrah's New Orleans Casino, and Larry Morrow Events, LLC.[5] Plaintiff alleges a 42 U.S.C. § 1983 claim against Defendants Gusman, and Deputies Stevenson, Johnson, Favorite, and Does arising out of her arrest at Harrah's Casino and detention at Orleans Jail Center, as well as against Defendant Cannizzaro for her prosecution.[6] Plaintiff also brings a claim for negligent supervision against Defendants Caesar's Entertainment, Inc. d/b/a as Harrah's New Orleans Casino and Larry Morrow Events,[7] and a claim for negligence under Louisiana Civil Code article 2315 against Defendants Johnson, Stevenson, Favorite and Does.[8]

On May 17, 2021, in response to Defendants' Motion to Dismiss,[9] the Court dismissed Plaintiff's official capacity claims against Jason Williams and the official capacity claims against the Deputy Defendants with prejudice.[10] In that same Order, the Court dismissed without prejudice Plaintiff's claims against Sheriff Gusman in his official capacity, and allowed Plaintiff an opportunity to amend her Complaint.[11]

---

May 17, 2021, the Court granted Defendant Jason Williams' Motion to Dismiss, dismissing him from the case. R. Doc. 45.
[4] Incorrectly named as Alvis Favorite in the Complaint. *See* R. Doc. 65.
[5] *See generally* R. Doc. 1.
[6] R. Doc. 1 at ¶¶ 48-55. By Court Order dated May 17, 2021, Plaintiff's claims against the District Attorney (formerly Cannizzaro and currently Williams), were dismissed. Plaintiff's § 1983 claim alleging a violation based on a false police report against Deputy Floyd Stevenson, in his individual and official capacity, was dismissed (leaving only a § 1983 claim against Deputy Stevenson for any other violation). Finally, all official capacity claims against Deputies Floyd Stevenson, Michelle Johnson and Alvis Favorite were dismissed with prejudice. R. Doc. 45.
[7] *Id.* at ¶¶ 56-61.
[8] *Id.* at ¶¶ 62-65.
[9] R. Doc. 11.
[10] R. Doc. 45.
[11] *Id.*

Plaintiff timely filed an Amended Complaint.[12] On March 29, 2022, the Court granted the Deputy Defendants' Motion for Summary Judgment on the Issue of Qualified Immunity,[13] determining that the Deputy Defendants were entitled to qualified immunity, and dismissed Plaintiff's § 1983 claims against the Deputy Defendants in their individual capacities.[14] Thereafter, on April 1, 2022, the Court granted Defendant Caesars Entertainment, Inc.'s ("Caesars") Motion for Summary Judgment, dismissing all claims asserted against Caesars Entertainment, Inc.[15]

The remaining defendants, Sheriff Gusman in his official capacity and the Deputy Defendants, have now filed a Motion for Summary Judgment and are seeking summary judgment on Plaintiff's sole remaining claims: (1) Plaintiff's official capacity claim against Sheriff Gusman under 42 U.S.C. § 1983; and (2) Plaintiff's state law claims against the Deputy Defendants.[16] Defendants first argue that Plaintiff has failed to sufficiently allege any claims against Sheriff Gusman in his official capacity in her Amended Complaint.[17] Defendants specifically contend that Plaintiff cannot properly allege a claim against Sheriff Gusman in his official capacity because this

---

[12] R. Doc. 49.
[13] R. Doc. 65.
[14] R. Doc. 111.
[15] R. Doc. 114.
[16] R. Doc. 115. In their Motion, Defendants assert, "This Court's March 29, 2022 Order and Reasons granting the Deputy Defendant's Motion for Summary Judgment on the Issue of Qualified Immunity likely resolved all outstanding claims against both the Deputy Defendants and Sheriff Gusman. However, out of an abundance of caution, the Deputy Defendants file this instant Motion for Summary Judgment to ensure that the state law negligence claims asserted in Plaintiff's First Amended Complaint are also dismissed with prejudice." The Court draws Defendants' attention to the Court's Order of May 17, 2021 which dismissed with prejudice Plaintiff's official capacity claims against the Deputy Defendants and the Judgment issued May 9, 2022 which dismissed with prejudice Plaintiff's 42 U.S.C. § 1983 claims against the Deputy defendants in their individual capacities. *See* R. Docs. 45 and 119. *See* R. Doc. 119. The Court considers Plaintiff's state law negligence claims in this Order.
[17] R. Doc. 115.

Court's prior ruling has rendered it impossible for Plaintiff to satisfy the elements required to prove an official capacity claim, specifically to prove a violation of Plaintiff's constitutional rights whose "moving force" is a policy or custom of the Orleans Parish Sheriff's Office.[18] Defendants also argue this Court's prior Order that granted qualified immunity "likely resolved all outstanding claims against both the Deputy Defendants and Sheriff Gusman."[19]

## II.   LEGAL STANDARD

### A. Summary Judgment Standard

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[20] When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[21] While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[22] Instead, summary

---

[18] *Id.*
[19] *Id.*
[20] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[21] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).
[22] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).

judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[23]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[24] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[25] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[26] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[27] "When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment."[28]

---

[23] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[24] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).
[25] *Id.* at 1265.
[26] *See Celotex*, 477 U.S. at 322-23.
[27] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).
[28] *Patterson v. Greenbrier Hospital, LLC*, Civ. A. No. 19-9234, 2020 WL 2037194, at *2 (E.D. La. Apr. 28, 2020) (citing *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996)).

### B. 42 U.S.C. § 1983 Municipal Liability Standard

A municipality is liable only for acts directly attributable to it "through some official action or imprimatur."[29] To establish municipal liability under § 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken "pursuant to an official municipal policy."[30] Thus, a plaintiff must identify: (1) an official policy or custom; (2) of which a policymaker can be charged with actual or constructive knowledge; and (3) a constitutional violation whose moving force is that policy or custom.[31] Actions of officers of a municipality do not render the municipality liable under § 1983 unless they execute official policy.[32] Further, "the unconstitutional conduct must be directly attributable to the municipality" and "isolated unconstitutional actions by municipal employees will almost never trigger liability."[33]

### III. LAW AND ANALYSIS

#### A. Plaintiff's 42 U.S.C. § 1983 Claim against Sheriff Gusman in his Official Capacity.

On May 17, 2021, this Court denied Defendants' Motion to Dismiss Plaintiff's § 1983 claim against Sheriff Gusman in his official capacity.[34] Plaintiff was given the opportunity to amend her complaint to address the Court's concerns, and timely did so, filing her Amended Complaint on May 31, 2021.[35] In the Amended Complaint,

---

[29] *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir.2001)).
[30] *Valle*, 613 F.3d at 541 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).
[31] *Valle*, 613 F.3d at 542 (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)).
[32] *Id.*
[33] *Piotrowski*, 237 F.3d at 578.
[34] R. Doc. 45.
[35] *Id.*; *see* R. Doc. 49.

Plaintiff raised the following claims in paragraph 54 regarding the official capacity claim made against Sheriff Gusman:

> 54(a). Defendant Gusman is the official policymaker of the Orleans Parish Sheriff's Office and all the deputies employed by that Office, including the Defendant Deputies named as parties herein.
>
> 54(b). Defendant Gusman and the Orleans Parish Sheriff's Office have a policy of using excessive force in performing the duties of the Office, and the Deputies employed by the Orleans Parish Sheriff's Office perform their duties and security functions in accordance with the established policy of using excessive force.
>
> 54(c). Defendant Gusman and the Orleans Parish Sheriff's Office have a widespread and well-established practice and custom of using excessive force, establishing a policy that led to Ms. Vega's injuries and the violation of her constitutional rights.
>
> 54(d). On September 22, 2009, the United States Department of Justice found unconstitutional conditions in its investigation of the Orleans Parish Sheriff's Office and found that the Defendant Gusman and the Orleans Parish Sheriff's Office fails to protect individuals from harm, including from use of excessive force by staff.
>
> 54(e). As a result of those widespread unconstitutional uses of excessive force, a Consent Judgment was entered requiring the Orleans Parish Sheriff's Office to develop and implement comprehensive use of force policies and procedures setting forth permissible uses of force. *See Jones v. Gusman*, E.D. La. Docket No. 2012-cv-00859, Rec. Doc. No. 101-3.
>
> 54(f). As of July 7, 2020, the Orleans Parish Sheriff's Office was only in partial compliance with the Consent Judgment requirement to make any necessary changes to ensure unnecessary and excessive use of force was not used. *See* Compliance Report #12. This determination was based upon a review of Orleans Parish Sheriff's Office data from 2019 – the year that Ms. Vega's constitutional rights were violated due to excessive force used by the Orleans Parish Sheriff Office and the Defendant Deputies.
>
> 54(g). Consistent with the policy and widespread practice and customs of the Orleans Parish Sheriff's Office, the Defendant Deputies, including Deputies Johnson and Stevenson, used excessive force in forcing Ms. Vega to the ground when she was taken into custody and while Ms. Vega

> was wrongfully detained at OJC by injecting Ms. Vega with an unknown substance as well using excessive force when handling Ms. Vega during her time in custody at OJC.
>
> 54(h). As a result of the excessive force, Ms. Vega sustained physical injuries to her back, leg, arms, which has required ongoing physical therapy, as well as a loss of consciousness, all in violation of her Fourth, Eight, and Fourteenth Amendment rights.

Defendants argue that Plaintiff has not provided any evidence to support her claim against Sheriff Gusman in his official capacity and cannot meet any of the required elements to establish § 1983 municipal liability.[36] Specifically, Defendants contend that it is impossible for Plaintiff to prove the third element necessary to establish an official capacity claim, namely because the Court previously determined that the Deputy Defendants did not violate Plaintiff's constitutional rights.[37]

Pretermitting, for the moment, analyses of the first and second prongs, the third prong to establish municipal liability requires a plaintiff to prove "moving force" causation. As set for by the Fifth Circuit, to succeed in establishing this factor:

> a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of the County Comm'rs v. Brown,* 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)). That is, "the plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Id.* at 411, 117 S.Ct. 1382. Deliberate indifference is a high standard—"a showing of simple or even heightened negligence will not suffice." *Piotrowski,* 237 F.3d at 579 (quoting *Brown,* 520 U.S. at 407, 117 S.Ct. 1382).[38]

---

[36] R. Doc. 115.
[37] *Id.*
[38] *Valle*, 613 F.3d at 541.

Here, even if Plaintiff was able to establish the first and second prongs, this Court previously determined that the Deputy Defendants did not violate Plaintiff's constitutional rights, specifically her Fourth and Fourteenth Amendment rights.[39] The Court relies on its previous thorough analysis of the actions of the Deputy Defendants' individually when it determined that each did not use excessive force against Plaintiff on the night in question.[40] The Court notes that Plaintiff has failed to allege any further violations of the Fourth or Fourteenth Amendment, or of any other constitutional right, following this Court's previous ruling and has further failed to specify any additional actions by the Deputy Defendants that violated her constitutional rights. To satisfy the "cause in fact" requirement, a plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue, or that her injuries resulted from the execution of the official policy or custom.[41] According to the Fifth Circuit, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts."[42]

Moreover, to the extent that Plaintiff alleges in her Amended Complaint a policy to satisfy the first prong of establishing municipal liability, the Court notes that Plaintiff relies on a September 22, 2009 Department of Justice finding of unconstitutional *conditions* in the Orleans Parish Sheriff's Office. In their Motion for Summary Judgment, Defendants assert that:

---

[39] R. Doc. 111.
[40] *See* R. Doc. 111, pages 24, 26 and 27.
[41] *Id.* (internal quotation and quotation marks omitted, citation omitted).
[42] *Id.* (citing *Fraire v. Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)).

> Plaintiff's boilerplate recitation of the excessive force portions of the Consent Decree in the Jones litigation is not sufficient to satisfy the requirements for maintaining an official capacity claim against Sheriff Gusman. Further, the specific excessive force contemplated in the Consent Decree, and for which Plaintiff solely relies, deals exclusively with the handling of inmates inside the Orleans Justice Center where inmates are housed. It has nothing to do with the handling of civilians during a detail at Harrah's Casino. This is a fatal flaw to Plaintiff's official capacity claim that cannot be overcome.[43]

The Court agrees that Plaintiff has failed to point to any official policy or custom which was the moving force behind any excessive force. The record before the Court is devoid of any evidence of an official policy or custom. Further, and importantly, the Court has determined that the Deputy Defendants, neither individually or collectively, used excessive force in the arrest of Plaintiff on the night in question.[44] Regarding her pretrial detainment, Plaintiff alleges that she was treated with excessive force, however she does not detail any force other than "being forced to strip and wear an OJC issued jumpsuit," being issued "underwear so small it caused bruising to her body," and being "injected [with] an unknown substance . . . with a hypodermic needle."[45] While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[46] Such is the case here. Plaintiff has provided no support of her conclusory allegations of excessive force during her pretrial detainment. Instead, Defendants have provided a copy of

---

[43] R. Doc. 115 at 8-9.
[44] *See* R. Doc. 111, pages 24, 26 and 27.
[45] R. Doc. 49, ¶¶25-27.
[46] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).

Plaintiff's Inmate Booking Information and Buck Slip, which include a photo of Plaintiff at booking, which fails to support Plaintiff's allegations.[47] Further, regarding Plaintiff's allegations regarding her pretrial detainment, "the judiciary is ill equipped to micro-manage a jail's day-to-day operations, and federal courts are therefore loath to intervene when detainees complain of trivial inconveniences."[48] "[S]uch judicial restraint is appropriate because the federal constitution simply is not concerned with a *de minimus* level of imposition on pretrial detainees."[49]  The Fifth Circuit has also recognized that, "[t]he Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones."[50] For the reasons stated herein, the Court finds that Defendants' Motion for Summary Judgment is appropriately granted as Plaintiff has failed to show that there exists a genuine issue of material fact precluding summary judgment. Accordingly, Plaintiff's § 1983 claim against Sheriff Gusman in his official capacity must be dismissed with prejudice.

### B. Plaintiff's Louisiana Law Negligence Claims Against the Deputy Defendants.

The Court next turns to Plaintiff's Louisiana law negligence claims against the Deputy Defendants. Defendants argue that these claims must be dismissed because the Court has now determined that the Deputy Defendants did not act with excessive force and are entitled to qualified immunity.[51]

---

[47] R. Doc. 65-6.
[48] *Allen v. St. Tammany Parish*, No. 17-4091, 2018 WL 558503, at *3 (E.D. La. Jan. 2, 2018).
[49] *Id.* (citations omitted).
[50] *Gates v. Cook*, 376 F.3d 323, 332 (5th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).
[51] R. Doc. 115.

Courts have held that a district court's decision whether to continue exercising jurisdiction over related state law claims after dismissing every claim over which it had original jurisdiction is purely discretionary.[52] 28 U.S.C. § 1367, in pertinent part, states:

> **(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> **(1)** the claim raises a novel or complex issue of State law,
> **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> **(3)** the district court has dismissed all claims over which it has original jurisdiction, or
> **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The general rule in the Fifth Circuit is to dismiss state law claims when the federal claims to which they are pendent are dismissed.[53] Here, because the Court has dismissed Plaintiff's sole remaining federal claim in this case, specifically the § 1983 claim against Sheriff Gusman in his official capacity, the Court no longer has original jurisdiction over the present dispute. Now that the sole remaining federal claim has been dismissed, the state law negligence claims dominate this proceeding.[54] Further, while the issue of negligence is not complex itself, the parties have not briefed or presented any arguments or evidence on Plaintiff's state law negligence claims.[55]

---

[52] *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009) (citing *Osborn v. Haley*, 549 U.S. 225, 245 (2006)); *see also Roberts v. Lessard,* No. 17-00007, 2021 WL 4302241 (M.D. La. Sep. 21, 2021) (slip copy) (declining to exercise supplemental jurisdiction over Plaintiff's state law negligence claim after granting qualified immunity and dismissing all federal claims).
[53] *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.3d 580, 585 (5th Cir. 1992).
[54] *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).
[55] *See Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (retaining jurisdiction because the remaining issues were not complex, were well-known to the court, and were ripe for determination).

Accordingly, the 28 U.S.C. § 1367 factors weigh in favor of the Court declining to exercise supplemental jurisdiction over Plaintiff's state negligence claims.

The Court has also considered the factors of judicial economy, convenience, fairness, and comity.[56] These factors, too, weigh in favor of the Court declining to exercise supplemental jurisdiction over Plaintiff's state negligence claims. Neither party has expended significant resources arguing the merits, or lack thereof, of Plaintiff's negligence claims. Should Plaintiff choose to pursue these claims in state court, located only blocks from this Court, it would not cause any significant inconvenience to any party or witness, nor would any party be prejudiced by this Court declining to exercise supplemental jurisdiction. Further, the Court notes that it currently has a backlog of cases awaiting trial, due in great part of the COVID pandemic. Accordingly, the Court declines to exercise jurisdiction over Plaintiff's state law negligence claims.

---

[56] *Conway v. Louisiana Through DPS&C*, No. 18-cv-00033, 2021 WL 357357, at *2 (M.D. La. Feb. 2, 2021).

## IV.  CONCLUSION

**For the foregoing reasons, IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment[57] is **GRANTED**. All of Plaintiff's claims against Sheriff Gusman in his official capacity are dismissed **WITH PREJUDICE**. Plaintiff's state law claims against the Deputy Defendants, the only claims remaining against the Deputy Defendants, are dismissed **WITHOUT PREJUDICE**.

New Orleans, Louisiana, June 9, 2022.

*Wendy B. Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[57] R. Doc. 115.